UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM FREDERICK KEMP, JR.,

        Petitioner,

v.

        CASE NO. 2:16-CV-13398
        HONORABLE PAUL D. BORMAN

PAUL KLEE,

        Respondent.
_____/

## OPINION AND ORDER DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I.    Introduction

Michigan prisoner William F. Kemp, Jr. ("Petitioner"), has filed a pro se petition for a writ of habeas corpus citing numerous federal statutes and rules and contesting the validity of his current confinement. Petitioner was convicted of delivering/manufacturing marijuana pursuant to a plea in the Branch County Circuit Court and was sentenced to a maximum of four years imprisonment in October, 2015. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/otis2profile.aspx?mdocNumber=177395. He was also convicted of encumbering real property without lawful cause pursuant to a plea in the Calhoun County Circuit Court and was sentenced to one year two months to three years imprisonment in January, 2016. *Id.*

In his petition, which is somewhat rambling and difficult to follow, Petitioner appears to challenge both convictions and raise claims concerning the jurisdiction of the state courts, the authority of the judges, the search and seizure of evidence, the conduct of the prosecutors and/or defense counsel, and the voluntariness of his pleas.

For the reasons stated herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## II.  Analysis

Petitioner brings this habeas action under various federal statutes and rules. Regardless of the statutory label placed on the petition, however, habeas petitions brought by state prisoners are governed by 28 U.S.C. § 2254. *See Carlisle v. United States*, 517 U.S. 416, 428 (1997) (Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act that is controlling."); *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (holding that habeas corpus is the exclusive remedy for a state prisoner challenging the fact or duration of confinement); *Byrd v. Bagley,* 37 F. App'x 94, 95 (6th Cir. 2002). Accordingly, the Court shall construe the petition as one brought pursuant to 28 U.S.C. § 2254.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any

2

constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The claims must be "fairly presented" to the state courts, meaning that the petitioner must have asserted both the factual and legal bases for the claims in the state courts. *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be raised in the state courts as federal constitutional issues. *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must raise each issue he seeks to present in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met his burden. He neither alleges nor establishes that he has pursued his habeas claims in the state courts on either direct appeal or collateral review. Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's claims before he can present them in federal court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

A federal court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present the unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id.* at 277. Petitioner does not request a stay nor indicate that his circumstances justify a stay.

Moreover, a stay is unwarranted. First, all of Petitioner's habeas claims are unexhausted. The Court cannot ordinarily stay a petition containing only unexhausted claims. In such a case, a non-prejudicial dismissal of the petition is appropriate. *See Hines v. Romanowski*, No. 2:14-CV-13983, 2014 WL 5420135, *2 (E.D. Mich. Oct. 22, 2014) (dismissing case where all claims were unexhausted); *Wilson v. Warren*, No. 06-CV-15508, 2007 WL 37756, *2 (E.D. Mich. Jan.4, 2007) ("a stay of petitioner's application for a writ of habeas corpus would be inappropriate, because all of petitioner's claims are unexhausted and thus, the Court lacks jurisdiction over the petition while the petitioner pursues his claims in state court"); *accord Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (*Rhines* stay and abeyance rule does not apply to a petition alleging only unexhausted claims); *United States v. Hickman*, 191 F. App'x 756, 757 (10th Cir.

2006) ("[t]raditionally, when a petition contains entirely unexhausted state claims, the petition would be dismissed without prejudice...."); *McDonald v. Bell*, No. 1:06-cv-406, 2009 WL 1525970 (W.D. Mich. June 1, 2009) (concluding that the stay and abeyance procedure does not apply to a petition containing only unexhausted claims); *Mimms v. Russell*, No. 1:08-cv-79, 2009 WL 890509 (S.D. Ohio March 31, 2009) (habeas petition subject to dismissal where petitioner did not exhaust state court remedies on any of his habeas claims); *Murphy v. Feneis*, No. 07-153, 2007 WL 2320540, *7 (D. Minn. Aug.10, 2007) ("Given the narrow issue before the Supreme Court regarding mixed petitions, this Court refuses to extend *Rhines* to allow a court to stay a habeas petition, so that a petitioner can exhaust his state remedies, where, as here, the petition contains only unexhausted claims.").

Second, a stay is unnecessary because the one-year statute of limitations applicable to federal habeas actions, 28 U.S.C. § 2241(d), does not pose a concern. The one-year period did not begin to run until Petitioner's time for seeking a direct appeal in the state courts ended, *see* 28 U.S.C. § 2244(d)(1) (providing that the one-year period does not begin running until the judgment becomes final by the conclusion of direct review or expiration of the time for seeking such review), which is six months after sentencing for a late application for leave to appeal. *See* MICH. CT. R. 7.205(G)(3). Given that Petitioner was sentenced in October, 2015, and January, 2016, respectively, he has several months left of the one-year period as to each of his convictions. The one-year period will also be

tolled while Petitioner has a properly filed application for collateral review pending in the state courts. *See* 28 U.S.C. § 2244(d)(2) (providing that the one-year period is tolled while a properly filed application for state post-conviction or other collateral review pending). Furthermore, assuming that Petitioner has not engaged in intentionally dilatory tactics, he has not shown good cause for failing to exhaust his claims in the state courts before seeking federal habeas relief. The Court also cannot discern whether his unexhausted claims are plainly meritless from his current pleadings. Given such circumstances, a stay is unwarranted and a non-prejudicial dismissal of the habeas petition is appropriate.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not exhausted his claims in the state courts and that a stay of the proceedings is unwarranted. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims. The Court notes, however, that should Petitioner wish to pursue federal habeas relief after exhausting available state court remedies with respect to both of his convictions, he will have to file separate habeas actions to do so. *See* Rule 2(e), Rules Governing Section 2254 Cases ("A petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court"); *Sutton v. Romanowski*, No. 13-14789, 2015 WL 144671, n. 1 (E.D. Mich. Jan. 12, 2015).

Before Petitioner may appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); FED. R. APP. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. *See* FED. R. APP. P. 24(a). This case is closed.

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: SEP 2 6 2016